## SCOTT & WHITE MEMORIAL HOSPITAL d/b/a Scott & White Memorial Hospital, Scott & White Clinic, d/b/a Scott & White Clinic, Allan E. Nickel, M.D., Emmett Mackan, M.D., Elias J. Fanous, M.D., Paul Wuthrich, M.D., Thomas Coburn, M.D., et al., Petitioners,

v.

Roy SCHEXNIDER, Christine Schexnider, and Robert D. Green, Respondents.

No. 95–1242.

Supreme Court of Texas.

Dec. 13, 1996.

Lisa L. Havens–Cortes, Bob Burleson, Burleson, Bowmer, Courtney, Burleson, Normand & Moore, Temple, David McAdams Sibley, Keith C. Cameron, Naman, Howell, Smith & Lee, Waco, for petitioners.

Jimmy Williamson, Houston, Michael L. Davis, Robert D. Green, Green, Downey & Black, Houston, for respondents.

## OPINION

PER CURIAM.

We overrule Respondents' motion for rehearing. We withdraw our opinion of August 16, 1996, and substitute the following in its place.

Does the trial court have the power during its plenary jurisdiction to grant a motion for sanctions under Texas Rule of Civil Procedure 13 though the motion was not pending when a nonsuit was filed? We answer that question yes.

On January 7, 1992, Roy and Christine Schexnider filed a medical malpractice suit against Scott & White Memorial Hospital, Scott & White Clinic, and eight Scott & White doctors, including Dr. Nickel. The Schexniders added twenty-one other Scott & White doctors as defendants on January 28, 1992. On February 10, 1992, the Schexniders added two more Scott & White doctors, including Dr. Heriot.

As the case proceeded, the defendants neither requested discovery from the Schexniders nor challenged the pleadings or parties. Approximately two and a half years after the Schexniders filed suit, all defendants moved for summary judgment. The doctors supported their motions with affidavits in which they swore that the treatments they rendered met the applicable standard of care. The doctors signed and swore to the affidavits approximately a year before they filed their motion for summary judgment. Shortly after the defendants moved for summary judgment, but before the trial court ruled on the motions, the Schexniders nonsuited all the doctors except Drs. Nickel and Heriot by omitting them from their Third Amended Original Petition. On November 4, 1994, the trial court granted a final summary judgment in favor of the remaining defendants.

Thereafter, all of the defendants, including those who had been nonsuited, moved for sanctions under Rule 13, alleging that the Schexniders' suit was "groundless and brought in bad faith and for the purpose of harassment as to all non-party movants." After an evidentiary hearing, the trial court ordered the Schexniders' attorney, Robert D. Green, to pay $25,000.00 in sanctions to the nonsuited defendants. All of this occurred while the trial court retained plenary jurisdiction.

The court of appeals reversed both the summary judgment and the sanctions order, holding that Texas Rule of Civil Procedure 162, the rule governing nonsuits, deprived the trial court of jurisdiction to grant the motion for sanctions after the nonsuit. 906 S.W.2d 659. We agree with the court of appeals' decision to reverse the summary judgment, but we disagree with its conclusion that Rule 162 deprived the trial court of the

power to order sanctions while it retained plenary jurisdiction.

▮ Rule 162 applies only to sanctions motions filed before the nonsuit takes place and therefore does not apply to this case.[1] Rule 162 allows a nonsuit "any time before the plaintiff has introduced all of his evidence other than rebuttal evidence." It also provides that "[a] dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, *pending at the time of dismissal,* as determined by the court." (Emphasis added.) Because Rule 162 speaks only to the effects of a nonsuit on a motion for sanctions pending at the time of dismissal, the court of appeals reasoned that a trial court does not have jurisdiction over a later-filed sanctions motion. We disagree.

▮ Absent the filing of certain motions not at issue here, a trial court's plenary power to act in a case does not expire until thirty days after the court has signed the judgment. Tex.R.Civ.P. 329b(d), (e). A trial court's power to decide a motion for sanctions pertaining to matters occurring before judgment is no different than its power to decide any other motion during its plenary jurisdiction. Thus, the time during which the trial court has authority to impose sanctions on such a motion is limited to when it retains plenary jurisdiction and is not limited by Rule 162.[2] Rule 162 merely acknowledges that a nonsuit does not affect the trial court's authority to act on a pending sanctions motion; it does not purport to limit the trial court's power to act on motions filed after a nonsuit. In this case, the trial court imposed sanctions while it retained plenary jurisdiction. Nothing in Rule 162 or any

previous decision of this Court deprives a trial court of this power.

In reaching a contrary result, the court of appeals relied primarily upon *Hjalmarson v. Langley,* 840 S.W.2d 153 (Tex.App.—Waco 1992, orig. proceeding). In *Hjalmarson,* the defendant moved for Rule 13 sanctions two weeks after the trial court signed an order granting the plaintiff's nonsuit. Although the defendant filed the motion while the trial court had plenary jurisdiction, the trial court did not sign the order purporting to grant the motion until after the court's jurisdiction had expired. The court of appeals held that the sanctions order was void both because the trial court ruled on the motion without reinstating the case, and because the trial court had no power to act after expiration of its plenary jurisdiction. *Id.* at 154–55.

Although the court in *Hjalmarson* correctly concluded that the trial court could not grant the motion after its plenary jurisdiction had expired, it incorrectly concluded that the trial court must reinstate a case before granting a Rule 13 motion filed after a nonsuit. Reinstatement, governed by Rule 165a(3), applies to cases dismissed for want of prosecution, not to voluntary nonsuits. A trial court need not reinstate a case in order to exercise its powers under Rule 13.

▮ As we pointed out in *Aetna Casualty & Surety Co. v. Specia,* whether a sanction survives a nonsuit depends on the purpose served by imposing the sanction. 849 S.W.2d 805, 806–07 (Tex.1993). Rule 13 sanctions serve both deterrent and compensatory purposes. Courts impose sanctions against parties filing frivolous claims to deter similar conduct in the future and to compensate the

---

1. We note that, effective September 1, 1995, the Legislature has specified that a court "may not award monetary sanctions on its own initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party ... to be sanctioned." Tex.Civ.Prac. & Rem.Code § 10.004(e).

2. Several courts of appeals have also held that a trial court may not impose sanctions after its plenary jurisdiction has expired. *See Vera v. Perez,* 884 S.W.2d 182, 184 (Tex.App.—Corpus Christi 1994, no writ); *Jobe v. Lapidus,* 874 S.W.2d 764, 766–68 (Tex.App.—Dallas 1994, writ

denied); *Warfield Elec. Of Texas, Inc. v. Harry Hines Prop. Venture,* 871 S.W.2d 273, 275 (Tex. App.—Eastland 1994, no writ). Another, however, has affirmed sanctions for filing a frivolous pleading imposed after a trial court's plenary jurisdiction expired, reasoning that some collateral matters that do not affect the judgment on the merits may be considered outside the jurisdictional time period. *Wolma v. Gonzalez,* 822 S.W.2d 302, 303 (Tex.App.—San Antonio 1991, orig. proceeding). We disapprove of *Wolma* to the extent it holds that a trial court may sanction pre-judgment conduct after its plenary jurisdiction has expired.

aggrieved party by reimbursing the costs incurred in responding to baseless pleadings. Rule 162 would frustrate these purposes if it allowed a party to escape sanctions by simply nonsuiting the aggrieved party. The United States Supreme Court has pointed to a similar rationale in upholding the imposition of sanctions under Federal Rule of Civil Procedure 11 three and a half years after voluntary dismissal of a case:

> Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay. Even if the careless litigant quickly dismisses the action, the harm triggering Rule 11's concerns has already occurred. Therefore, a litigant who violates Rule 11 merits sanctions even after a dismissal. Moreover, the imposition of such sanctions on abusive litigants is useful to deter such misconduct. If a litigant could purge his violation of Rule 11 merely by taking a dismissal, he would lose all incentive to "stop, think and investigate more carefully before serving and filing papers."

*Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 398, 110 S.Ct. 2447, 2457, 110 L.Ed.2d 359 (1990) (citation omitted).[3]

While we reject the court of appeals' reason for reversing the sanctions order, the Schexniders presented two additional challenges to the sanctions order, neither of which was addressed by the court of appeals. The Schexniders presented points of error to the court of appeals challenging the evidence supporting the sanctions order, including whether the order was unjust and excessive. They also challenged the failure of the sanctions order to state the "particulars" supporting the imposition of sanctions, as Rule 13 requires. As these points present additional independent bases for the court of appeals' judgment, we may address them ourselves or direct the court of appeals to do so on remand. *See McKelvy v. Barber,* 381 S.W.2d 59, 64 (Tex.1964). We choose the latter.

Accordingly, the Court grants Petitioners' application for writ of error, and pursuant to Texas Rule of Appellate Procedure 170, without hearing oral argument, reverses the court of appeals' judgment with respect to Rule 13 sanctions and remands this case to that court for consideration of the Schexniders' other points of error attacking the sanctions order. We affirm the remainder of the court of appeals' judgment.

---

**3.** Since the United States Supreme Court decided *Cooter & Gell,* Rule 11 has been amended to create a safe harbor: "[A motion for sanctions] shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless,

within 21 days after service of the motion ... the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." FED.R.CIV.P. 11(c)(1)(A).