NO. 07-03-0290-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 29, 2005



______________________________




W. HUGH HARRELL, APPELLANT



v.



ROBERT H. HARTMAN, APPELLEE




_________________________________



FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 99-506,177; HON. JOHN T. FORBIS, PRESIDING



_______________________________



Before REAVIS and CAMPBELL, JJ., and BOYD, S.J. (1)

Memorandum Opinion

 In this appeal, appellant W. Hugh Harrell (Harrell) challenges a June 7, 2003 order
of the trial court entitled "Restatement of Finality of Judgment." For reasons we specify
below, the trial court had no jurisdiction to enter the order and we must, therefore, hold that
the order is void and dismiss this appeal for lack of jurisdiction.


Background

 In the suit underlying this matter, Harrell was sued by appellee Robert H. Hartman
(Hartman) for legal malpractice. Hartman was represented in this suit by attorney Cam
Fannin, Jr. (Fannin). During the pendency of the malpractice suit, Harrell filed a motion
asking for the imposition of sanctions against Hartman in which he asserted the malpractice
claim was frivolous and filed for harassment purposes. Harrell also filed a motion seeking
summary judgment on the malpractice suit which resulted in a summary judgment in his
favor dated March 3, 2001. In the judgment, which was prepared by Harrell and accepted
by the trial court, the court provided that Hartman take nothing by his suit against Harrell
and that each party would pay the costs incurred by that party. Harrell's quest for sanctions
was not addressed in the judgment nor was it severed from the lawsuit in the judgment or
prior thereto. Moreover, the clause commonly referred to as a "Mother Hubbard" clause,
providing that all relief requested but not expressly granted in the order was denied, was
not included in it.

 Hartman appealed the summary judgment to this court which resulted in our
affirming the judgment. (2) Hartman filed a petition with the Texas Supreme Court seeking 
review of our decision which was denied by that court on April 10, 2003. At no time during
the pendency of the appeal did Harrell file a motion for new trial, seek to modify, correct or
reform the judgment of the trial court, or request that the trial court rule on his pending
sanctions motion.

 Soon after the Texas Supreme Court's denial of Hartman's petition for review,
Fannin received a letter from Harrell in which Harrell asserted his motion for sanctions was
still pending and requested information from Fannin concerning the extent of Fannin's legal
malpractice insurance. Fannin then wrote the trial court requesting a hearing as to whether
the March 3, 2001 judgment, despite the absence of a "Mother Hubbard" clause, was
intended to dispose of all pending claims in the suit or if Harrell's sanctions motion was still
pending. In response to the request, the trial court held a hearing as a result of which it
rendered the June 7, 2003 "Restatement of Finality of Judgment" giving rise to this appeal.
In that order, as relevant here with respect to the summary judgment, the court stated: "[It
was] intended by the Court to be a Final Order which disposed of all issues between the
parties. No further action should come before this Court as regards this cause of action." 

 In presenting his appeal, Harrell raises two issues for our decision. They are: 1) the
trial court's June 7, 2003 order was void or voidable because it was rendered after the trial
court had lost plenary jurisdiction over the case, and 2) this court should sanction both
Hartman and Fannin for violating Rule 21b of the Texas Rules of Civil Procedure. Hartman
and Fannin respond that Harrell's appeal is untimely because all pending motions were
overruled by operation of law upon the expiration of the trial court's plenary jurisdiction. 
They further respond that they did nothing improper in requesting the hearing in question
and neither they nor the trial court did anything improper. Thus, they argue, there was no
violation of Tex. R. Civ. P. 21b.

Jurisdiction

 Because the jurisdiction of a court is fundamental and may not be ignored, a court
must notice, even sua sponte, the matter of its jurisdiction. Marshall v. Brown, 635 S.W.2d
578, 580 (Tex. App.-Amarillo 1982, writ ref'd n.r.e.). Subject matter jurisdiction is essential
to the authority of a court to decide a case. Texas Ass'n of Business v. Texas Air Control
Bd., 852 S.W.2d 440, 443 (Tex. 1993). It is never presumed and cannot be waived. Id. at
443-44. Subject matter jurisdiction may be raised for the first time on appeal. Id. at 445. 
The issue of a court's subject matter jurisdiction is a legal question subject to a de novo
review. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).

 A trial court retains plenary jurisdiction over a case for a period of 30 days after it
signs a final judgment. (3) Tex. R. Civ. P. 329b(d); Lane Bank Equip. Co. v. Smith S. Equip.,
Inc., 10 S.W.3d 308, 310 (Tex. 2000). A judgment is final if it disposes of all parties and
all issues in a suit. North East Independent School Dist. v. Aldridge, 400 S.W.2d 893, 895
(Tex. 1966). It is the pleadings that determine the issues and the parameters of a contest.
Jobe v. Lapidus, 874 S.W.2d 764, 765 (Tex. App.-Dallas 1994, writ denied). A summary
judgment that disposes of all the issues presented in the pleadings is a final judgment and
is not made interlocutory by a pending motion for sanctions. Lane Bank Equip. Co. v.
Smith S. Equip., Inc., 10 S.W.3d at 312; Hartman v. Harrell, 2002 Tex. App. LEXIS 8629
at 2-3; Jobe v. Lapidus, 874 S.W.2d at 766.

 A trial court cannot award sanctions after the expiration of its plenary jurisdiction. 
Lane Bank Equip. Co. v. Smith S. Equip., Inc., 10 S.W.3d at 311; In re Bennett, 960 S.W.2d
35, 38 (Tex. 1997); Scott & White Mem. Hosp. v. Schexnider, 940 S.W.2d 594, 596 (Tex.
1996). Judicial actions taken after the expiration of the trial court's plenary power are void. 
In re Southwestern Bell Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000); In re T.G., 68 S.W.3d
171, 177 (Tex. App.-Houston [1st Dist.] 2000, pet. denied).

 Reiterated, in his first issue, Harrell contends the trial court's June 7, 2003 order was
void because it was rendered after the trial court lost plenary jurisdiction. We agree. The
trial court's March 3, 2001 order granting Harrell's motion for summary judgment was a final
judgment in that it disposed of all issues set out in the pleadings and disposed of all parties
to the proceedings. Although the summary judgment did not specifically address Harrell's
motion seeking sanctions, this court held that fact did not prevent the judgment from being
a final one. Hartman v. Harrell, 2002 Tex. App. LEXIS 8629 at 3. Thus, as we have noted,
absent certain exceptions not present here, a trial court loses plenary jurisdiction over a
case 30 days after it signs a final judgment. See Tex. R. Civ. P. 329b(d); Lane Bank Equip
Co. v. Smith S. Equip., Inc., 10 S.W.3d at 310. We can only conclude that the trial court
rendered its June 7, 2003 order after it lost plenary power. That being true, the order is
without effect and is void. In re Southwestern Bell Tel. Co., 35 S.W.3d at 605; In re T.G.,
68 S.W.3d at 177.

 We have not overlooked Harrell's citation in his reply brief to Wolma v. Gonzalez,
822 S.W.2d 302, 303 (Tex. App.-San Antonio 1991, no writ) for the proposition that a trial
court may award sanctions after the expiration of its plenary power. However, the Texas
Supreme Court has disapproved that holding. See Scott & White Mem. Hosp. v.
Schexnider, 940 S.W.2d at 596, n.2.

 When a party appeals from a void trial court order, the proper procedure is for the
appellate court to declare the order void and dismiss the appeal for lack of jurisdiction. See
State ex rel. Latty v. Owens, 907 S.W.2d 484, 486 (Tex. 1995).

Texas Rule of Civil Procedure 21b Sanctions

 In his second issue, Harrell contends that Hartman and Fannin violated Tex. R. Civ.
P. 21b by failing to serve or deliver to him a copy of the pleading, plea, motion, or other
application for a hearing on the finality of the March 3, 2001 summary judgment. To
preserve a complaint for appellate review, a party must present to the trial court a timely
request, motion, or objection, stating the specific grounds therefor, and obtain a ruling. 
Holland v. Wal-Mart Stores, Inc. 1 S.W.3d 91, 94 (Tex. 1999); In re C.O.S., 988 S.W.2d
760, 764-65 (Tex. 1999). Although Harrell's "Answer to Order Setting Hearing on Finality
of Judgment" does request the trial court award sanctions to Harrell for Hartman and
Fannin's alleged violation of Tex. R. Civ. P. 21b, the record does not reflect that Harrell
ever requested or obtained a specific ruling on the motion from the trial court. Because 
Harrell did not preserve error regarding the issue of sanctions to the trial court, we have
nothing before us for our review. See Tex. R. App. P. 33.1(a); Holland v. Wal-Mart Stores,
Inc., 1 S.W.3d at 94; In re C.O.S., 988 S.W.2d at 764-65.

 Our disposition of Harrell's first issue obviates the necessity for discussion of
Hartman and Fannin's plea to our jurisdiction to consider the appeal. Suffice it to say that
the trial court lacked plenary power to enter its June 7, 2003 order entitled "Restatement
of Finality of Judgment." That being so, its order is void and we must, and do hereby,
dismiss the appeal for lack of jurisdiction. State ex rel. Latty v. Owens, 907 S.W.2d at 486. 
Moreover, for reasons we have discussed, the record does not show any basis for
imposition of Tex. R. Civ. P. 21b sanctions.


 John T. Boyd

 Senior Justice



1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004-2005). 
2. See Hartman v. Harrell, No. 07-01-0099-CV, 2002 Tex. App. LEXIS 8629 (Tex.
App.-Amarillo December 3, 2002, pet. denied).
3. Texas Rule of Civil Procedure 329b provides for extension of this period if a motion
for new trial or a motion to modify, correct or reform a judgment is filed within the 30-day
plenary period. However, even if these exceptions were to apply to this case, which they
do not, a trial court may retain plenary jurisdiction for a maximum of 105 days after entering
its final judgment. Tex. R. Civ. P. 329b(c) & (e); Clark & Co. v. Giles, 639 S.W.2d 449, 449-50 (Tex. 1982).