Opinion issued April 19, 2010
     











In The
Court of Appeals
For The
First District of Texas




NO. 01-10-00182-CV




IN RE ESTHER ANDERSON AND BENSON & ANDERSON, L.L.P.,
Relators




Original Proceeding on Petition for Writ of Mandamus




MEMORANDUM OPINION







          This appeal concerns whether a trial court has the plenary power to rule on a
pending motion for sanctions after the opposing party has nonsuited all of its pending
claims. By a petition for writ of mandamus, relators, Esther Anderson and Benson
& Anderson, L.L.P. (collectively “the Anderson defendants”), challenge the trial
court’s refusal to rule on the motion because it concluded that it lacked plenary power
to rule 30 days after it signed an order granting the opposing parties’ nonsuit. The
Anderson defendants contend that the trial court continues to possess plenary power
and therefore must hear and rule on the motion. Following the Texas Supreme Court
in Unifund CCR Partners v. Villa to conclude that plenary power exists here, we
conditionally grant mandamus relief.


 
Background

          An elderly woman, Violet Adovnik, sued her three adult children, real parties
in interest Delmar Douglas, Christina Blackwell, and Susan Douglas (collectively
“the Douglas plaintiffs”), for theft. Adovnik appeared with her attorney, Esther
Anderson, for a televised local news interview in which she described the allegations. 
Anderson made general statements about how parents should put “checks and
balances” in place if a child assumes control of their finances. Thereafter, the
Douglas plaintiffs sued Adovnik, Anderson, and Anderson’s law firm for defamation. 
The Anderson defendants filed an answer and included a motion for sanctions under
Texas Civil Practice and Remedies Code section 10.002(c). The Douglas plaintiffs
moved to nonsuit their claims, and the trial court signed an order of nonsuit on
September 3, 2009 without referring to the pending sanctions motion. The order
provides:
Order of Nonsuit
 
After considering Plaintiffs’ Nonsuit of the Defendants and the
pleadings, the court grants Plaintiffs’ Nonsuit and hereby orders that
Cause No. 2009-14652 be Non-Suited. 
 
          On November 9, 2009, the trial court conducted a hearing on the motion for
sanctions but addressed only whether it possessed jurisdiction. Concluding that it did
not because the hearing occurred more than 30 days after it had signed the order of
nonsuit, the trial court determined that it was without the power to rule on the motion
for sanctions. Specifically, it stated: “I’m going to rule that I don’t have jurisdiction,
so I can’t hear the motion for sanctions.” The Anderson defendants moved for a new
trial on December 9, 2009, explaining in their motion that the trial court possessed
jurisdiction to resolve the sanctions issue. At a hearing on the motion for new trial,
the trial court maintained its position that it lacked plenary power. 
Standard of Review
Mandamus relief is available to correct certain trial court errors that lack an
adequate remedy by appeal. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992)
(orig. proceeding). In particular, mandamus relief is proper when a trial court refuses
to hear and rule on motions due to lack of plenary power. See In re Granite Shop,
No. 02-08-00410-CV, 2009 WL 485696, at *1 (Tex. App.—Fort Worth Feb. 24,
2009, orig. proceeding) (granting mandamus relief when trial court refused to rule on
motion because it mistakenly believed it lacked plenary power); Safety-Kleen Corp.
v. Garcia, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding)
(granting mandamus relief when trial court refused to rule on motion). 
Trial Court Jurisdiction
          The Anderson defendants contend that the trial court possesses plenary power
because the trial court’s order of nonsuit is interlocutory, as it did not dispose of their
request for sanctions. The Douglas plaintiffs respond that the trial court lacks plenary
power because the order of nonsuit is a final order that disposed of all affirmative
claims for relief.
          Texas Rule of Civil Procedure 162 addresses nonsuits, and states: “At any time
before the plaintiff has introduced all of his evidence other than rebuttal evidence, the
plaintiff may dismiss a case, or take a non-suit. . . . A dismissal under this rule shall
have no effect on any motion for sanctions. . . .” Tex. R. Civ. P. 162. A court cannot
issue an order of sanctions after its plenary power has expired. Scott & White Mem’l
Hosp. v. Schexnider, 940 S.W.2d 594, 596 (Tex. 1996). But “[a] judgment dismissing
all of a plaintiff’s claims against a defendant, such as an order of nonsuit, does not
necessarily dispose of any cross-actions, such as a motion for sanctions, unless
specifically stated within the order.” Crites v. Collins, 284 S.W.3d 839, 840 (Tex.
2009); see also Unifund CCR Partners v. Villa, 299 S.W.3d 92, 96 (Tex. 2009). 
          Villa and Crites are relevant to the instant matter. 299 S.W.3d at 95; 284
S.W.3d at 840. Each case involved a pending motion for sanctions, the entry of an
order of nonsuit, and the determination of whether the order of nonsuit was a final
judgment. See Villa, 299 S.W.3d at 94; Crites, 284 S.W.3d at 840. Notably, the
orders of nonsuit in Villa and Crites had language similar to that the trial court used
here, and did not specifically address the pending motion for sanctions. See Villa,
299 S.W.3d at 96–97; Crites, 284 S.W.3d at 841. In the absence of specific language
addressing the motions for sanctions in the orders of nonsuit, in both Villa and Crites,
the Texas Supreme Court held that the orders of nonsuit were not final judgments. 
Villa, 299 S.W.3d at 96; Crites, 284 S.W.3d at 841. 
          The Douglas plaintiffs respond that they “clearly intended to nonsuit the entire
case, not just Plaintiffs’ claims. . . .” But with respect to the motion for sanctions, the
Douglas plaintiffs did not assert the claim—it was not theirs to nonsuit. Under Villa,
the order of nonsuit was an interlocutory order and thus did not trigger the clock on
the trial court’s plenary power. Villa, 299 S.W.3d at 96. Because of the absence of
specific language addressing the motion for sanctions, the trial court’s order of
nonsuit did not dispose of it. Id.; Crites, 284 S.W.3d at 841; see also Tex. R. Civ. P.
162 (expressly noting no effect on pending motion for sanctions). Accordingly, we
hold that the September 3, 2009 order of dismissal did not dispose of the sanctions
motion and thus was not a final order. The trial court thus possesses jurisdiction to
hear and rule on the Anderson defendants’ motion for sanctions. 
Conclusion
          We conditionally grant mandamus relief to resolve the issue of the trial court’s
plenary power, and direct the trial court to hear and rule on the Anderson defendants’
motion for sanctions. The writ will issue only if the trial court fails to comply. 
 
                                                                        Jane Bland
                                                                        Justice

Panel consists of Justices Jennings, Hanks, and Bland.