Opinion filed February 24,
2011

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00366-CV

                                                    __________

 

                                  LEONARD
HOWELL, Appellant

 

                                                             V.

 

                   CHRISTOPHER
D. THOMPSON ET AL, Appellees



 

                                   On
Appeal from the 238th District Court 

 

                                                           Midland
County, Texas

 

                                                 Trial
Court Cause No. CV-46,904 

 



 

                                            M
E M O R A N D U M    O P I N I O N

            Leonard
Howell appeals from the December 17, 2009 order of the trial court awarding
sanctions to appellees in the amount of $10,302.23 to be paid individually by
Howell.  We affirm.

            In
the brief filed in this case, Howell did not present any issues related to the
sanctions order.[1] 
In an earlier motion filed in this court, Howell argued that the trial court
did not have jurisdiction to award the sanctions.  Howell contended that,
because he had appealed the underlying judgment on the merits of his claims
against appellees, the trial court had lost jurisdiction.  On January 14, 2010,
we overruled Howell’s motion.

            The
record reflects that on October 20, 2009, the trial court signed an order
dismissing all of Howell’s claims.  On October 30, 2009, Howell filed a pro se
motion for cancellation or reformation of the October 20 order of dismissal. 
On November 19, 2009, while Howell’s motion for reformation was still pending,
appellees filed their motion for sanctions.  The December 17 order granting the
motion was entered while Howell’s motion for reformation was still pending and
before the motion was overruled by operation of law pursuant to Tex. R. Civ. P. 329b(c). 
Therefore, the trial court had plenary jurisdiction to enter the December 17
sanction order.  See Rule 329b(g); Scott & White Mem’l Hosp. v.
Schexnider, 940 S.W.2d 594 (Tex. 1996).

            The
order of the trial court is affirmed.

 

 

                                                                                    PER
CURIAM

 

February 24,
2011

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]We note that the brief was a combined brief and that
all the issues were addressed in our opinion in Morris Clayton Howell, an
incompetent person, by his next friend, brother and attorney, Leonard Howell v.
Christopher D. Thompson et al, No. 11-09-00340-CV (Tex. App.—Eastland
Feb. 24, 2011, no pet. h.) (mem. op.).