**Opinion filed February 24, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00366-CV

_____

## LEONARD HOWELL, Appellant

## V.

## CHRISTOPHER D. THOMPSON ET AL, Appellees

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CV-46,904**

## M E M O R A N D U M   O P I N I O N

Leonard Howell appeals from the December 17, 2009 order of the trial court awarding sanctions to appellees in the amount of $10,302.23 to be paid individually by Howell. We affirm.

In the brief filed in this case, Howell did not present any issues related to the sanctions order.[1] In an earlier motion filed in this court, Howell argued that the trial court did not have

---

[1]We note that the brief was a combined brief and that all the issues were addressed in our opinion in *Morris Clayton Howell, an incompetent person, by his next friend, brother and attorney, Leonard Howell v. Christopher D. Thompson et al*, No. 11-09-00340-CV (Tex. App.—Eastland Feb. 24, 2011, no pet. h.) (mem. op.).

jurisdiction to award the sanctions. Howell contended that, because he had appealed the underlying judgment on the merits of his claims against appellees, the trial court had lost jurisdiction. On January 14, 2010, we overruled Howell's motion.

The record reflects that on October 20, 2009, the trial court signed an order dismissing all of Howell's claims. On October 30, 2009, Howell filed a pro se motion for cancellation or reformation of the October 20 order of dismissal. On November 19, 2009, while Howell's motion for reformation was still pending, appellees filed their motion for sanctions. The December 17 order granting the motion was entered while Howell's motion for reformation was still pending and before the motion was overruled by operation of law pursuant to TEX. R. CIV. P. 329b(c). Therefore, the trial court had plenary jurisdiction to enter the December 17 sanction order. *See* Rule 329b(g); *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594 (Tex. 1996).

The order of the trial court is affirmed.


PER CURIAM


February 24, 2011

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.