**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00435-CV**

_____

**IN RE 21ST MORTGAGE CORPORATION**

**Original Proceeding**
**60th District Court of Jefferson County, Texas**
**Trial Cause No. B-194,451**

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, 21st Mortgage Corporation contends that the judge of the 60th District Court of Jefferson County, Texas, signed an order imposing sanctions after its plenary power over the case expired. After reviewing the mandamus petition and record,[1] we conclude that the trial court had

---

[1]21st Mortgage perfected an appeal before it filed this original proceeding. We take judicial notice of the record filed in the appeal at the request of the real party in interest, Beverly Hines. *See generally* Tex. R. Evid. 201. No briefs have been filed in the appeal, which has not been submitted to the Court, and our opinion and judgment issued in this original proceeding do not dispose of the appeal.

1

plenary jurisdiction when it signed the order imposing sanctions. Accordingly, we deny the petition for a writ of mandamus.

Well-settled rules determine when a judgment is final for purposes of determining whether the trial court retains plenary jurisdiction over a case. *See Moritz v. Preiss*, 121 S.W.3d 715, 718-19 (Tex. 2003). A judgment signed following a trial on the merits is presumptively final. *See N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895-96 (Tex. 1966). Absent a trial on the merits, a judgment that finally disposes of all remaining parties and claims is final, regardless of its language. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). Language of unmistakable clarity will finally dispose of a case even if the record does not provide an adequate basis for rendition of judgment. *Id.* at 192-93.

The time during which the trial court has authority to impose sanctions on a motion filed by a non-suited defendant is limited to when it retains plenary jurisdiction. *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex. 1996). Thus, a non-suited defendant may file a motion for sanctions after the trial court signs an interlocutory non-suit order and the trial court may impose sanctions while it retains plenary jurisdiction over the remainder of the case. *See id.* When a motion for sanctions is filed before the trial court signs the judgment, unless the judgment specifically mentions the motion for sanctions, the trial court retains the

2

authority to impose sanctions. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 96 (Tex. 2009). A claim asserted by an intervening party before judgment must be disposed of before the judgment can become final. *In re Barrett*, 149 S.W.3d 275, 278-79 (Tex. App.—Tyler 2004, no pet.) (orig. proceeding).

Hines filed a motion for the trial court to impose sanctions against 21st Mortgage Corporation before the trial court signed the order dismissing all claims between 21st Mortgage Corporation and a co-defendant, Wayne Rose. The order that later disposed of claims by and between 21st Mortgage Corporation and Wayne Rose was neither presumptively final nor explicitly final. *Lehmann*, 39 S.W.3d at 192-93, 200. Consequently, the trial court's plenary power had not expired when the trial court signed the sanctions order.

Mandamus relief is appropriate only if the court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). 21st Century has not established that the trial court's order is void. An appeal is an adequate remedy to challenge the sanctions order. We deny the petition for writ of mandamus.

PETITION DENIED.

PER CURIAM

3

Submitted on November 4, 2015
Opinion Delivered December 10, 2015

Before McKeithen, C.J., Kreger and Johnson, JJ.