

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00422-CV

MICHAEL C. MCDOUGAL, APPELLANT

V.

DELBERT AND CAROLYN MCDOUGAL AND D. MARC MCDOUGAL AND THE
MCDOUGAL TRUST, APPELLEES

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2015-514,759; Honorable William C. Sowder, Presiding

October 10, 2018

## DISSENTING OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Michael C. McDougal, contends a sanctions order issued against him in favor of Appellees, Delbert McDougal, Carolyn McDougal, D. Marc McDougal, and the McDougal Trust is void because the trial court lacked plenary power to enter the order. The majority disagrees and affirms the issuance of the sanctions order. Because I believe the trial court's plenary power had lapsed and, therefore, the jurisdiction of the trial court had expired, I respectfully dissent.

As more fully discussed in the majority opinion, an inter-family dispute between Appellant and Appellees led to the filing of this lawsuit in February 2015. After the completion of some discovery, the parties reached a mutually acceptable settlement of that dispute in April 2016. That settlement resulted in the entry of an agreed *Order on Petition for Modification of the McDougal Trust,* dated April 29, 2016, and signed by the Honorable David Gleason. The order was also signed by the parties individually and by their respective attorneys. The agreed order was filed with the district clerk on May 2, 2016. Because the order of April 29 resolved all then-existing claims between all parties, on May 4, 2016, the parties filed an *Agreed Nonsuit with Prejudice,* signed by the attorney of record for each respective party, bearing a certificate of service dated April 27, 2016, thereby effectively terminating this litigation for all purposes.

However, on May 16, 2016, the attorneys for Delbert McDougal and Carolyn McDougal moved to withdraw and the attorneys for D. Marc McDougal were substituted in as their attorneys of record. On June 3, 2016, Appellees filed their *Motion to Show Cause,* seeking discovery sanctions, which ultimately culminated in the entry of the order the subject of this appeal. Following the filing of that motion, a hearing was held on September 12, 2016. At that hearing, the trial court entered a formal *Order of Dismissal with Prejudice,* stating that the order "disposes of all claims and all parties, other than claims that *survive a final judgment* as a matter of law, and this Order is appealable." (Emphasis added).

The order the subject of this appeal, entitled *Order on Motion for Sanctions,* was not, however, signed until October 17, 2016, thirty-five days after the entry of the court's *Order of Dismissal with Prejudice,* one hundred seventy-one days after entry of the *Order*

2

*on Petition for Modification of the McDougal Trust* (arguably a "final" order), and one hundred and sixty-six days after the filing of an undisputed joint agreed nonsuit of all proceedings. The question to be resolved in this appeal then is whether the trial court retained jurisdiction on October 17, 2016, to enter the sanctions order in question. Because I believe it did not, I dissent.

ANALYSIS

As stated by the majority, a trial court cannot order the imposition of sanctions after its plenary power has expired; *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 & n.2 (Tex. 1996) (per curiam) (op. on reh'g), and whether a court retains plenary power is a question of law we address de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The majority then relies upon precedent stating that it is the signing of an order dismissing a case, not the filing of the nonsuit, that determines when the clock starts to run on the trial court's thirty-day plenary power. *In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997) (orig. proceeding) (per curiam). The facts leading up to the order of sanctions in *Bennett* are, however, clearly distinguishable from the facts of this case.

In *Bennett*, counsel filed seventeen related lawsuits in a deliberate attempt to circumvent the court-ordered random assignment of cases in a county with eight district courts. When the seventeenth case was filed in the desired court, counsel ceased filing cases and five days later filed sixteen notices of nonsuit in the cases that were filed in other courts. Judge Bennett, judge of one of the courts where cases were nonsuited, issued a *sua sponte* order directing counsel to appear and show cause why they should not be held in contempt for intentionally violating local rules pertaining to the random

3

assignment of cases. Counsel sought and obtained a writ of mandamus directing Judge Bennett to vacate that order. On Judge Bennett's application to the Texas Supreme Court, the court held that appellate timetables do not run from the date a nonsuit is filed, but rather from the date the trial court signs an order of dismissal. The court effectively held that the filing of a notice of nonsuit does not deprive the trial court of jurisdiction to sanction pre-nonsuit conduct. That holding is entirely consistent with the generally recognized principle that a notice of nonsuit does not cut off an existing claim. *See* TEX. R. CIV. P. 162 (stating that a dismissal or nonsuit "shall not prejudice the right of an adverse party to be heard on a *pending claim* for affirmative relief or excuse the payment of all costs taxed by the clerk") (emphasis added). However, the logic in *Bennett* and similar cases has no application in a situation, such as here, where both parties file a nonsuit after settling all claims.

At the moment the joint motion for nonsuit was filed in this case, *all claims and causes of action were resolved*. No other relief was being sought and the trial court was not exercising any inherent authority to sanction pre-nonsuit conduct. Accordingly, I would find that the trial court's plenary power expired on June 3, 2016, thirty days after the filing of the joint notice of nonsuit. While counsel might argue that the filing of the *Motion to Show Cause* on June 3, 2016, extended the trial court's plenary power, I would point out that at no time did counsel file a motion for new trial or a motion to reinstate.

Furthermore, the trial court did sign an order of dismissal on September 12, 2016, and the order of sanctions was not entered within thirty days thereof. As such, even if the filing of the motion for sanctions could have preserved the trial court's jurisdiction until the

4

court's order of nonsuit, counsel failed to obtain an order within thirty days. As such, the court's plenary power would also have expired under this interpretation.

Counsel's motion for sanctions is nothing more than a post-settlement, post-final order attempt to enforce the trial court's original disposing order—the *Order on Petition for Modification of the McDougal Trust.* Such a motion is more appropriately the subject of a new suit to enforce the settlement, not a motion for discovery sanctions.

CONCLUSION

For these reasons, I would find that the trial court lacked subject matter jurisdiction to enter the order of sanctions and I would reverse and render judgment dismissing Appellees' claims for want of jurisdiction.

Patrick A. Pirtle
Justice