**Vacated and Appeal Dismissed and Memorandum Opinion filed October 31, 2024.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-23-00829-CV

---

### WILMA REYNOLDS AND CARL W. GORDON, Appellants

### V.

### QUANTLAB TRADING PARTNERS US, LLP, QUANTLAB INCENTIVE PARTNERS I, LLC, QUANTLAB FINANCIAL, LLC, AND DAVID REYNOLDS, Appellees

---

**On Appeal from the 300th District Court
Brazoria County, Texas
Trial Court Cause No. 48170**

---

### MEMORANDUM OPINION

Appellants Wilma Reynolds ("Wilma") and her attorney Carl W. Gordon ("Gordon") appeal the trial court's orders in favor of appellees Quantlab Trading Partners US, LLP, Quantlab Incentive Partners I, LLC, Quantlab Financial, LLC (collectively "Quantlab"), and David Reynolds ("David"). The trial court dismissed Wilma's newly-filed claims in the underlying cause and granted

Quantlab's motion for sanctions against Wilma and Gordon. In three issues, appellants argue the trial court erred in (1) dismissing the case under Texas Rule of Civil Procedure 165A, (2) granting Quantlab's motion for sanctions, and (3) denying Wilma's motion to release in-camera documents. We vacate the trial court's orders from September 11, 2023, and from October 6, 2023, and dismiss the appeal for want of jurisdiction.

## I.    BACKGROUND

We have detailed in prior opinions the extensive litigation between the parties stemming from David and Wilma's divorce trial in 2009. *See, e.g.*, *Reynolds v. Quantlap Trading Partners, LP*, No. 14-21-00087-CV, 2023 WL 313248, at *1–3 (Tex. App.—Houston [14th Dist.] Jan. 19, 2023, pet. denied) (mem. op.) ("Over the past fourteen years, Wilma [and] Gordon have filed twenty-one appellate and mandamus proceedings in this court related to the underlying divorce proceeding, docketed as case Nos. 14-09-00720-CV, 14-10-00535-CV, 14-10-00951-CV, 14-11-00002-CV, 14-11-00174-CV, 14-11-00626-CV, 14-11-01097-CV, 14-12-00379-CV, 14-13-00323-CV, 14-13-00589-CV, 14-13-00871-CV, 14-13-00924-CV, 14-13-01029-CV, 14-14-00329-CV, 14-14-00624-CV, 14-14-00875-CV, 14-14-00423-CV, 14-14-00080-CV, 14-15-00990-CV, 14-17-00614-CV, 14-18-00746-CV."). David filed the underlying divorce proceeding in 2008 in Brazoria County against Wilma. *Reynolds v. Reynolds*, No. 14-09-00720-CV, 2010 WL 3418209, at *1 (Tex. App.—Houston [14th Dist.] Aug. 31, 2010, pet. denied). On May 18, 2009, the trial court entered a final judgment in the divorce suit. *See Reynolds v. Reynolds*, No. 14-09-00720-CV, 2010 WL 3418209, at *1–2 (Tex. App.—Houston [14th Dist.] Aug. 31, 2010, pet. denied) (mem. op.). Subsequently, Wilma filed a petition seeking post-divorce division of community property that Wilma alleged was not divided by the trial court in the divorce

decree.[1] *See Reynolds v. Reynolds*, No. 14-15-00990-CV, 2017 WL 1366680, at *4 (Tex. App.—Houston [14th Dist.] Apr. 13, 2017, pet. denied) (mem. op.). In response, David filed a motion for summary judgment based on collateral estoppel, because the property Wilma sought had been resolved by the divorce decree. The trial court disposed of Wilma's petition by granting David's motion for summary judgment on November 12, 2015. *See id.* at *4.

On February 17, 2023, the trial court sent a notice of its intent to dismiss the case for want of prosecution. On March 23, 2023, the trial court signed an order dismissing the lawsuit for want of prosecution.[2]

On June 9, 2023, Wilma filed an "original petition" in the underlying trial cause number and added the Quantlab parties as defendants, asserting claims based on Wilma's allegations that David and Quantlab grossly misinterpreted the value of certain of David's assets with Quantlab and that this resulted in certain bonuses being awarded entirely to David in the divorce "as a result of fraud and/or wrongful acts by the Defendants." Appellees filed a "Notice of Mandatory Dismissal Under Rule 165a," arguing that under the rule, "Wilma and Gordon's petition is legally ineffective to reinstate this already-dismissed case." Appellees

---

[1] The trial court has continuing jurisdiction to clarify and enforce the divorce decree's property division. Tex. Fam. Code Ann. §§ 9.002, 9.007, 9.008; *see also id.* § 9.201 (titled "Procedure for Division of Certain Property Not Divided on Divorce or Annulment"); *S.C. v. M.B.*, 650 S.W.3d 428, 443 (Tex. 2022) (noting that a suit to divide undivided community property "is truly a new suit, not a continuation of the divorce"). Wilma does not contend that the "original petition" filed on June 9, 2023 is a suit to divide undivided community property.

[2] Appellees state in their brief that "Quantlab believes that the trial court may have issued the DWOP order in 2023—even though the case had been closed for years—because several motions were listed as unresolved/pending in the clerk's system. . . . As outlined in the clerk's email, each of these motions/'pending actions' pre-dated the November 2015 final judgment. As such, the final judgment resolved all of them. . . . But the computer system appears not to have reflected that resolution. . . . When a new trial court judge took the bench in January 2023, Quantlab believes the trial court sought to clean up the docket by issuing DWOP orders in matters with unresolved motions/pending actions, which would explain why a DWOP order was issued in Cause No. 48170."

also filed a motion for sanctions against Wilma and Gordon.

On September 11, 2023, the trial court signed an order dismissing the case and sanctioning Wilma and Gordon. The trial court's order stated that Wilma and Gordon's "original petition is groundless, was brought in bad faith and for the purpose of harassment, and lacks factual or legal support" and ordered Wilma and Gordon to pay Quantlab's attorneys' fees and costs of $95,192.35. Wilma and Gordon then filed this appeal.

## II.   DISCUSSION

Unless extended by a timely motion for new trial or motion to modify the judgment, a trial court retains jurisdiction over a case for thirty days after it signs a final judgment or order. Tex. R. Civ. P. 329b (c)–(e), (g). The trial court can modify its judgment while it has plenary power, but the trial court lacks jurisdiction to act in the matter after it loses it. *Check v. Mitchell,* 758 S.W.2d 755, 756 (Tex. 1988). Thus, judicial action taken after the trial court's plenary power has expired is void, including an award of sanctions. *See Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex. 1996) (per curiam); *State ex Rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995); *In re T.G.*, 68 S.W.3d 171, 179 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (op. on reh'g); *see also Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (defining a void judgment as one rendered when a court has no jurisdiction over parties or subject matter, no jurisdiction to render judgment, or no capacity to act as a court).

A party affected by void judicial action need not appeal. *State ex rel. Latty*, 907 S.W.2d at 486. If an appeal is taken, however, then the appellate court should declare void any orders the trial court signed after it lost plenary power over the case. *Id.*

4

Here, the trial court signed a final judgment in the underlying divorce suit on May 18, 2009. We take judicial notice of the clerk's record in Wilma's appeal from that judgment and that Wilma did not file a motion for new trial or ay other motion challenging the May 18, 2009 judgment. Thus, the trial court's plenary power over the underlying case expired on June 17, 2009, long before Wilma filed her "Original Petition" on June 9, 2023. *See* Tex. R. Civ. P. 329b; *L.M. Healthcare, Inc.*, 929 S.W.2d at 444. Because the trial court's plenary power had expired, we conclude that its order from September 11, 2023, dismissing the case and its order from October 6, 2023, assessing sanctions against Wilma and Gordon are void. We therefore vacate the trial court's orders and dismiss the appeal for want of jurisdiction. *See Schexnider*, 940 S.W.2d at 596; *see also Martin v. Tex. Dep't of Fam. & Protective Servs.*, 176 S.W.3d 390, 394 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ("An appellate court should declare post-plenary-power orders void and dismiss any appeal."); *Malone v. Hampton*, 182 S.W.3d 465, 470 (Tex. App.—Dallas 2006, no pet.) ("Any document, other than a motion to enforce or clarify, filed after the expiration of the trial court's plenary jurisdiction, would be a nullity as a suit ends when the trial court's plenary power over the proceeding ends.").

### III. CONCLUSION

We vacate the trial court's orders from September 11, 2023, and from October 6, 2023. We dismiss the appeal for lack of jurisdiction.[3]

/s/      Margaret "Meg" Poissant
Justice

Panel consists of Chief Justice Christopher and Justices Spain and Poissant.

---

[3] In its appellee brief, Quantlab included a request that this Court sanction appellants by awarding Quantlab attorney's fees. We deny the request for the reasons stated in this opinion.