In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-26-00057-CV**
**IN RE SCOTT MITCHELL OBEGINSKI**

**Original Proceeding**
**284th District Court of Montgomery County, Texas**
**Trial Cause No. 24-11-18234**

## MEMORANDUM OPINION

In an order imposing sanctions on Scott Mitchell Obeginski for citing fictional authority in Trial Court Cause Number 24-11-18234, the trial court ordered Obeginski, when making "any filing of any plea, pleading, motion, brief, or similar" in any capacity to "include with each filing with any and all Court(s) or Clerk(s) as attachments a copy of any and all legal authorities cited in the filing highlighting the portion of the legal authority attached which supports the proposition for which he cites the legal authority."[1] In a mandamus petition, Obeginski contends the trial

---

[1]The Order made additional rulings and imposed additional sanctions, but only the order to provide copies of cited case authority is at issue in this mandamus proceeding. Obeginski has perfected an appeal from the trial court's final judgment

1

court's directive is "an act far exceeding its jurisdiction" and argues that the trial court abused its discretion by failing to exercise its ministerial duty to vacate the order after "the loss of plenary power."[2] Obeginski argues mandamus relief is appropriate to alleviate harm from "an unconstitutional restriction on court access." Real Party in Interest Joshua Want Real Estate Group, LLC filed a response at the request of the Court. We deny mandamus relief.

"The judicial power is divided among these various named courts by means of express grants of 'jurisdiction' contained in the constitution and statutes. The 'jurisdiction' of a particular court is that portion of the judicial power which it has been expressly authorized to exercise by the constitution or statutes." *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex. 1979) (citation omitted). Additionally,

---

in Trial Court Cause Number 24-11-18234. The appeal, which is docketed as Appeal Number 09-25-00487-CV, remains pending in this Court.

[2]The trial court signed the Modified Final Judgment on October 17, 2025. The first weekday after the 30th day thereafter is Monday, November 17, 2025. *See* Tex. R. Civ. P. 4. Obeginski filed a Motion for New Trial on November 17, 2025. Joshua Want Real Estate Group LLC filed a motion for sanctions on November 17, 2025. Both of these motions were timely filed. *See id*. 329b(a). With the Modified Final Judgment signed on October 17, 2025, the 75th day thereafter is December 31, 2025. Assuming the post-judgment motions were overruled by operation of law 75 days after the date of judgment, the trial court retained plenary power over its judgment for another 30 days, which was January 30, 2026. *See id*. 329b(c), (e). The trial court signed the sanctions order on January 9, 2026, which was timely. Obeginski filed a Motion to Vacate Void Portion of Sanctions Order on January 30, 2026.

2

courts have inherent powers that arise "from the very fact that the court has been created and charged by the constitution with certain duties and responsibilities." *Id*. "The inherent powers of a court are those which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity." *Id*. Additionally, courts have powers "implied from an express grant of power." *Id*. at 399. A court has no inherent power to take jurisdiction of a case when that jurisdiction has been expressly or impliedly granted to another Texas court. *Id.* at 399-400.

While the constitution or a statute confers subject matter jurisdiction on a court, it is the filing of a pleading that invokes that jurisdiction and gives a particular court and the judge presiding in that court the authority to adjudicate a case. "'The right of a plaintiff to maintain a suit, while frequently treated as going to the question of jurisdiction, has been said to go in reality to the right of the plaintiff to relief rather than to the jurisdiction of the court to afford it.'" *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76-77 (Tex. 2000) (quoting 21 C.J.S. *Courts* § 16, at 23 (1990)). Generally, "[a] judgment is void only when it is shown that the court had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court." *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (orig. proceeding) (citing *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985) (orig. proceeding)) (other

citation omitted). A court may have jurisdiction over a case but should not exercise it in deference to another court with concurrent jurisdiction. *See Kelley v. Homminga*, 706 S.W.3d 829, 833 (Tex. 2025). "In general, as long as the court entering a judgment has jurisdiction of the parties and the subject matter and does not act outside its capacity as a court, the judgment is not void." *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003) (citation omitted).

Obeginski entered an appearance in Trial Court Cause Number 24-11-18234. The trial court had personal jurisdiction over Obeginski and the inherent power to sanction him for his improper conduct in the 284th District Court. Thus, the trial court possessed the authority to sanction Obeginski for citing fictitious legal authority in his filings in Trial Court Cause Number 24-11-18234. The larger question is whether the trial court possessed the authority to require Obeginski to attach a copy of the legal authorities cited in a filing Obeginski makes with any court, not just the 284th District Court.

Generally, for a sanction to be just a direct relationship must exist between the offensive conduct and the sanction imposed, and it must not be excessive. *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding). Here, the offensive conduct was repeatedly citing fictious cases. Ordering the person who cited fictitious cases to attach highlighted copies of the cited cases to his filings relates directly to the abuse found. Under appropriate

4

circumstances, "just sanctions" includes "the authority to issue injunctions to control a party's actions in another court." *Miller v. Armogida*, 877 S.W.2d 361, 364 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (district court could enjoin plaintiff from re-filing frivolous case in county court).

Obeginski argues the trial court has placed an unconstitutional restriction on his access to courts. He does not explain how the trial court's command that he attach his supporting authority when he cites a case in a court proceeding encumbers his right to access courts. He has identified no language in the trial court's order that prevents him from petitioning any court at any time, and he describes no technical burden that makes including copies of cited case authority an impediment to his access to courts.

Obeginski has identified no court proceeding that the challenged Order adversely affects. A trial court's order directing a party to file supporting authority in a higher court could potentially interfere with the appellate court's jurisdiction, but in this case, we have appellate jurisdiction not only over the trial court's judgment, but also over the sanctions order. Nothing prevents this Court from reviewing the sanctions order on appeal and deciding then whether Obeginski must file copies of his cited case authorities with the appellate court.

"A trial court's power to decide a motion for sanctions pertaining to matters occurring before judgment is no different than its power to decide any other motion

during its plenary jurisdiction." *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex. 1996) (op. on reh'g). "Thus, the time during which the trial court has authority to impose sanctions on such a motion is limited to when it retains plenary jurisdiction[.]" *Id.* We conclude the trial court retained plenary power over the case when it signed the Order. We hold that the order is not void.[3]

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). We conclude the Relator has not shown that he is entitled to mandamus relief. Accordingly, we deny Relator's petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a). Any pending motions are denied as moot.

PETITION DENIED.

PER CURIAM

Submitted on March 11, 2026
Opinion Delivered March 12, 2026

Before Golemon, C.J., Wright and Chambers, JJ.

---

[3]The trial court loses its authority to award sanctions after its plenary power expires. *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex. 1996) (op. on reh'g). Thereafter, the trial court's authority is restricted to enforcing its judgment. The issue of whether the trial court may enforce the "supporting authorities" provision of the Sanctions Order in a post-judgment enforcement proceeding is not before us at this time.