

# Missouri Court of Appeals
## Southern District
### Division Two

CHARLES R. FONNER,                                )
                                                  )
    Petitioner-Respondent,                )
                                                  )
vs.                                               )    No. SD33252
                                                  )
BRANDY N. LYMAN, f/k/a BRANDY      )    Filed August 20, 2015
N. FONNER,                                        )
                                                  )
    Respondent-Respondent,              )
                                                  )
vs.                                               )
                                                  )
RANDY LYMAN and                       )
SHANNON LYMAN,                        )
                                                  )
    Intervenors-Appellants.             )

### APPEAL FROM THE CIRCUIT COURT OF BARRY COUNTY

Honorable Samuel C. Jones, Associate Circuit Judge

AFFIRMED

Charles R. Fonner ("Father") and Brandy N. Lyman (f/k/a Brandy N. Fonner) ("Mother") were married and have three minor children together. Father brought an action to dissolve the marriage. Mother's parents and the appellants in this appeal, Randy and Shannon Lyman ("Grandparents"), intervened in the dissolution action. Upon the stipulation and agreement of all parties, the trial court, on March 8, 2012, entered a dissolution judgment that, among other

things, awarded joint legal and joint physical custody of the children to Father, Mother, and Grandparents.

Less than two months later, on April 23, 2012, Grandparents initiated this modification action, alleging that a substantial and continuing change in circumstances had occurred such that it would be in the children's best interest for Grandparents to be awarded their sole legal and physical custody. Father filed a counter motion alleging a substantial and continuing change in circumstances had occurred such that it would be in the best interest of the children for only Father and Mother to have their joint legal and joint physical custody.

Following a two-day trial and various after-trial motions, the trial court entered a modification judgment on November 13, 2013, awarding Father and Mother joint legal and joint physical custody of the children and granting Grandparents specific visitation. No party had requested the trial court to make any specific findings of fact, as allowed by Rule 73.01(c).[1] The trial court gratuitously made, among others not relevant to this appeal, the following express findings of fact in its modification judgment:

- [T]he Court finds that there has not been a continuing and substantial change in circumstances regarding the minor children and their custodian [Father] upon facts that have arisen since the prior decree or that were unknown to the Court at the time of the prior decree.

- [A]s the parties had a joint legal custodial arrangement and due to the almost immediate estrangement of the [Mother] from [Grandparents] after the entry of the prior Judgment and the parties' inability to communicate, the Court finds that a modification is in the best interests of the minor children.

---

[1] Rule 73.01(c) provides, in relevant part:

> The court may, or if requested by a party shall, include in the opinion findings on the controverted material fact issues specified by the party. Any request for an opinion or findings of fact shall be made on the record before the introduction of evidence at trial or at such later time as the court may allow.

All rule references are to Missouri Court Rules (2015).

2

- The record is replete with evidence that immediately following the entry of the prior Stipulated Judgment that the [Grandparents] and parents were unable to communicate in a joint legal custodial arrangement. The conflict and turmoil that resulted is not in the children's best interests.

- Father is willing to actively perform his function as father to the children and has the ability to do so. Mother is willing to actively perform her function as mother to the children and has the ability to do so.

- The Court finds that [Father] is a fit and proper person to have custody of the children. The Court finds that [Mother] is a fit and proper person to have custody of the children.

- The Court finds that third party custody is not in the best interest of the children.

- [I]t is in the best interests of the children for the [Father] and [Mother] to have joint legal and joint physical custody of the minor children[.]

In this appeal of the modification judgment, Grandparents do not challenge the evidentiary basis of the modification judgment or of any factual findings expressed in it. Rather, relying exclusively upon and limiting themselves to the trial court's expressed findings of fact, Grandparents claim in their sole point relied on that the trial court erroneously applied section 452.410.1 to eliminate their status as joint legal and physical custodians of the children because that section "required a finding that a substantial change in circumstances occurred in order for [their] status as joint legal and physical custodian to be modified."[2] Based upon their foundational factual premise that "the modification judgment expressly found that no substantial change occurred since the original judgment," they contend that "[t]he trial court applied the best

---

[2] Section 452.410.1, RSMo 2000, provides, in pertinent part:

…the court shall not modify a prior custody decree unless it has jurisdiction under the provisions of section 452.450 and it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child.

3

interest of the children standard in eliminating" their "legal custody and physical custody status[.]"

"On appeal, the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *J.T.P. v. P.F.*, 440 S.W.3d 497, 500 (Mo.App. 2014). Grandparents' claim that the trial court erroneously applied section 452.410.1 falls within the last category.

The factual premise of Grandparents' point—"the modification judgment expressly found that no substantial change occurred since the original judgment"—is flawed in two respects: (1) the modification judgment does not specifically say that; and (2) Grandparents fail to account for the requirement in Rule 73.01(c) that in a court-tried case "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01(c); *see Ivie v. Smith*, 439 S.W.3d 189, 200 (Mo. banc 2014).

First, under the dissolution judgment, the children had four custodians: Father, Mother, and Grandparents. While the trial court made a specific finding of no substantial change in circumstances as to the children and as to Father, it made no specific finding or findings as to the existence or non-existence of Mother's or Grandparents' change in circumstances, substantial or otherwise, since the dissolution judgment.

Second, while Grandparents are correct that section 452.410.1 applies to the modification of joint legal and joint physical custody and requires a factual determination of changed circumstances[3] of the children or their custodian, *see* section 453.410.1; *Russell v. Russell*, 210

---

[3] Grandparents argue that this change in circumstances must be substantial, even though that term in not in the statute. *See Russell*, 210 S.W.3d at 197 ("Courts should not require a 'substantial' change from the circumstances of the original judgment where the modification sought is simply a rearrangement in a joint physical custody schedule."). We need not address that issue because Grandparents do not challenge the evidentiary support for the judgment, but only challenge the trial court's application of section 452.410.1. Our analysis of that alleged legal error is the same regardless of whether the change in circumstances required by section 452.410.1 in these circumstances must be substantial.

S.W.3d 191, 197 (Mo. banc 2007), they fail to proffer any argument or rationale for why we, as required by Rule 73.01(c), would not deem the factual determinations required by section 452.410.1 to have been made by the trial court in accordance with the result reached in the modification judgment.[4] Section 452.410.1 authorized the trial court to modify the dissolution judgment's joint legal and joint physical custody award to Father, Mother, and Grandparents if it made a factual determination that a change had occurred in the circumstances of a custodian, which in this case included Mother and Grandparents, based upon facts that had arisen since the dissolution judgment or that were unknown to the court at the time of the dissolution judgment. In the absence of a specific finding of fact that no change in circumstances of Mother and Grandparents had occurred, Rule 73.01(c) mandates that we consider that the trial court implicitly made such findings of fact in accordance with its result in modifying the custody provisions of the dissolution judgment. Grandparents do not assert or offer any legal authority supporting that the trial court was *required* to make an *express* finding or findings of fact related to Mother's or Grandparents' circumstances since the dissolution judgment. They likewise do not challenge the evidentiary support for any Rule 73.01(c) *implicit* findings in that regard.[5]

Because Grandparents' point and argument in support of their claim of legal error are founded upon a flawed factual premise, neither offers any cogent analytical basis upon which we could find the trial court erred in its application of section 452.410.1. Grandparents' point is denied, and the trial court's modification judgment is affirmed.

---

[4] Section 452.410.1 also requires a trial court determination that the modification is necessary to serve the best interests of the children. Grandparents do not challenge the trial court's explicit or implicit best interest findings in any respect, so we will not address that issue any further.

[5] Indeed, Grandparents note in their brief that "[a]ll inferences favoring the prevailing parties, [Grandparents] cannot dispute the evidence comprehensively demonstrated changed circumstances." They also state in their brief that "the Trial Court in the instant cause engaged in a changed circumstances analysis, correctly determining that [Grandparents'] relationship with [Mother] deteriorated."

GARY W. LYNCH, J. – Opinion author

DON E. BURRELL, P.J. – concurs

WILLIAM W. FRANCIS, Jr., J. – concurs