# NO. 12-20-00187-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF THE* | § | *APPEAL FROM THE 309TH* |
| *MARRIAGE OF BLAKE ANDREW* | § | *JUDICIAL DISTRICT COURT* |
| *PRATZ AND JULIE PRATZ* | § | *HARRIS COUNTY, TEXAS* |

### MEMORANDUM OPINION

Sara Razavi Zand appeals the trial court's order awarding sanctions in favor of Adam W. Dietrich. She presents four issues on appeal. We affirm in part and vacate and remand in part.

### BACKGROUND

Zand represented Julie Pratz in the underlying divorce case. Julie had a waste claim against her husband, Blake Pratz, including money allegedly spent on his girlfriend, Brittany Norwood. As a result, Zand wished to secure Norwood's testimony at trial. Zand claims she did not have a service address for Norwood and that Blake's attorney would not provide one.

Zand was aware that Norwood had attorney representation in her own divorce action. Zand issued two separate subpoenas to Norwood, via her divorce attorneys. The first was issued to Kelly Norsworthy and the second to Adam W. Dietrich. Dietrich was lead counsel. After the first subpoena in October 2019, Norsworthy called Zand and told her that service was improper under the Texas Rules of Civil Procedure. Zand told Norsworthy that she would not be required to appear at the hearing if she provided Norwood's address. Norsworthy refused to provide Norwood's address, citing confidentiality. The October hearing was ultimately passed.

The second subpoena was issued in January 2020. Dietrich emailed Zand explaining that service was again improper and that he did not represent Norwood in the Pratz matter. Dietrich then filed a motion for protection from the subpoena. This January hearing was also continued.

On January 22, Zand filed a descriptor information form and requested a capias be issued for Norwood. Zand later issued a third subpoena attempting to personally serve Norwood. Norwood was eventually found and served at Blake's address. It is unclear whether the capias ever issued. Dietrich filed an objection to issuance of the capias, motion to reconsider and vacate issuance of capias, and motion for sanctions on January 24. Norsworthy drafted the motion, but Dietrich was the movant. Zand filed a motion to compel Norwood's appearance and a request for attorney's fees.

Following a hearing, the trial court granted the motion for sanctions and ordered Zand to pay $4,800 as a sanction.[1] The trial court specifically found that the October subpoena was groundless and issued in bad faith and that the January subpoena was groundless and brought for purposes of harassment. Dietrich later filed a motion to enter the order on sanctions, which the trial court granted. This appeal followed.

## SUBPOENAS TO NONPARTIES AND SANCTIONS

Rule 176.5 of the Texas Rules of Civil Procedure requires that a nonparty witness be personally served with a subpoena. TEX. R. CIV. P. 176.5(a). If the witness is a party and is represented by an attorney of record in that proceeding, the subpoena may be served on the witness's attorney of record. *Id.*

Texas Rule of Civil Procedure 13 provides, in pertinent part:

> The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment.... If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215, upon the person who signed it, a represented party, or both.

TEX. R. CIV. P. 13. Courts shall presume that pleadings, motions, and other papers are filed in good faith. *Id.* "No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order." *Id.* "Groundless," for purposes of this

---

[1] We recognize that the trial court stated, "The Court awarded sanctions. The Court did not mention anything about attorney's fees." However, the only evidence offered at the hearing consisted of attorney's fees. Norsworthy repeatedly stated that "we have incurred attorney's fees." Therefore, it appears that the award is based on or influenced by the attorney's fees allegedly incurred by Dietrich's firm.

rule, means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. *Id.* A lawsuit is groundless, as used in Rule 13, if there is no arguable basis for the cause of action. *Attorney Gen. of Tex. v. Cartwright*, 874 S.W.2d 210, 215 (Tex. App.—Houston [14th Dist.] 1994, writ denied). Bad faith involves more than poor judgment or negligence; it involves conscious wrongdoing. *Falk & Mayfield L.L.P. v. Molzan*, 974 S.W.2d 821, 828 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). Harassment means that the pleading was intended to annoy, alarm, and abuse another person. *Parker v. Walton*, 233 S.W.3d 535, 540 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

A trial court's decision to impose sanctions will not be overruled on appeal unless an abuse of discretion is shown. *Falk*, 974 S.W.2d at 824. The test for abuse of discretion is "whether the court acted without reference to any guiding rules and principles," or "whether the act was arbitrary or unreasonable." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). We cannot hold that the trial court abused its discretion in awarding sanctions if some evidence supports the trial court's ruling. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 361 (Tex. 2014). A trial court abuses its discretion when its decision is contrary to the only permissible view of the evidence. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009) (per curiam). "In assessing sanctions, the trial court is entitled to consider the entire course of the litigation." *Broesche v. Jacobson*, 218 S.W.3d 267, 277 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

## STANDING

In her first issue, Zand argues that Dietrich, an attorney who was not a party to the underlying divorce proceeding and who had no client in that proceeding, lacked standing to complain about the subpoenas issued to Norwood. Specifically, she urges that Dietrich was not served with the first subpoena and was not compelled to act by the second subpoena. Zand further contends that Dietrich was not personally "affected" by the subpoenas and, therefore, had no justiciable interest in the subpoenas.

### Applicable Law

"Standing is a constitutional prerequisite to maintaining suit in either federal or state court." *Williams v. Lara*, 52 S.W.3d 171, 178 (Tex. 2001). The doctrine of standing "identifies suits appropriate for judicial resolution." *Patel v. Tex. Dep't. of Licensing & Reg.*, 469 S.W.3d

3

69, 77 (Tex. 2015). Generally, unless standing is conferred by statute, a plaintiff must possess "an interest in a conflict distinct from that of the general public, such that the defendant's actions have caused the plaintiff some particular injury." *See Williams*, 52 S.W.3d at 178. Because standing is required for subject matter jurisdiction, it can be raised at any time, including for the first time on appeal. *See Teal Trading & Dev., LP v. Champee Springs Ranches Prop. Owners Assoc.*, 593 S.W.3d 324, 331 (Tex. 2020).

**Analysis**

Dietrich sought sanctions under Rule 13 of the Texas Rules of Civil Procedure. Rule 13 provides that the signature of an attorney or a party on a pleading, motion, or other paper, constitutes a certificate by them that they have read the document, that to the best of their knowledge, information, and belief, formed after reasonable inquiry, the document is not groundless and brought in bad faith, and was not brought for the purpose of harassment. TEX. R. CIV. P. 13. If Rule 13 is violated, the court "upon motion or upon its own initiative," after notice and hearing, must impose an appropriate sanction available under Rule 215(2)(b) of the Texas Rules of Civil Procedure upon the person who signed the document, a party that is represented by counsel, or both. *Id*. Rule 215 provides a broad array of remedies available for sanctionable conduct, including: (1) limiting further discovery; (2) ordering a party to pay expenses or costs of discovery; (3) establishing certain facts as true; (4) preventing a party from supporting its claims or making defenses; (5) preventing a party from introducing certain evidence; (6) striking a part or all of a party's pleadings; (7) staying the proceeding until the court's discovery order is obeyed; (8) dismissing the case, either with or without prejudice; (9) rendering a default judgment; (10) holding the disobedient party in contempt; and (11) requiring a party or his lawyer, or both to pay reasonable expenses or attorney's fees or both. TEX. R. CIV. P. 215.2.

Unlike other rules, Rule 13 does not limit who may file a motion for sanctions. A key difference between a court's ability to impose sanctions under Rule 13 and Rule 215 is that under Rule 13, a court can impose sanctions based on its own motion. *See* TEX. R. CIV. P. 13, 215.1. And unlike Rule 215, Rule 13 does not require a person be an actual party to the proceedings before filing a motion for sanctions. *See* TEX. R. CIV. P. 13, 215.1.

The same rules of construction that govern the interpretation of statutes govern the interpretation of the rules of civil procedure. *Norvelle v. PNC Mortgage*, 472 S.W.3d 444, 447

(Tex. App.—Fort Worth 2015, no pet.). We rely on the plain meaning of the text unless a different meaning is supplied by statutory definition, is apparent from the context, or the plain meaning would lead to a nonsensical or absurd result. *Id.*; *Lenz v. Bank of America, N.A.*, 510 S.W.3d 667, 669 (Tex. App.—San Antonio 2016, pet. denied). We presume that the Texas Supreme Court said what it meant when it promulgated the Rules of Civil Procedure. Had the Supreme Court wished to limit who may file a motion for sanctions under Rule 13, it could have done so. It is apparent from the Rule's language that the Texas Supreme Court wished to expand Rule 13's protection beyond those who are parties to the proceeding. While Dietrich was not a party to the proceeding, he was affected by Zand's subpoena. As a result, based on the plain language of Rule 13, we hold Dietrich had standing to bring the motion for sanctions, and we overrule Zand's first issue.

## MOOTNESS

In her second issue, Zand urges the subpoenas were rendered moot and could not be the basis for the sanctions award.

A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005). Rule 13 sanctions serve both deterrent and compensatory purposes. *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex. 1996). Courts impose sanctions against parties filing frivolous claims to deter similar conduct in the future and to compensate the aggrieved party by reimbursing the costs incurred in responding to baseless pleadings. *Id.* at 596-97. As a result, the Texas Supreme Court has held that Rule 13 sanctions can survive a nonsuit. *Id.* at 597. The Texas Supreme Court reasoned that it would frustrate the purpose of Rule 13 to allow a party to escape sanctions by nonsuiting his case. *Id.*

This same logic applies to the subpoenas issued by Zand. Simply continuing the case so that the improperly issued subpoenas are no longer active does not negate the fact that Zand violated Rule 13, and allowing a party to escape sanctions under such circumstances would frustrate Rule 13's purpose. *See, e.g., id*. Releasing Norwood from the subpoenas does not cure the Rule 13 violation. Therefore, we conclude that the Rule 13 violation is not moot and we overrule Zand's second issue.

In her third issue, Zand contends the evidence is legally insufficient to support the sanctions award.

## Standard of Review

We review the imposition of sanctions under an abuse of discretion standard. *Nath*, 446 at 361; *see also* ***Unifund CCR Partners v. Villa***, 299 S.W.3d 92, 98 (Tex. 2009); ***Skepnek v. Mynatt***, 8 S.W.3d 377, 380 (Tex. App.—El Paso 1999, pet. denied). Under this standard, a sanctions award will not withstand appellate scrutiny if the trial court acted without reference to guiding rules and principles to such an extent that its ruling was arbitrary or unreasonable. *Nath*, 446 S.W.3d at 361. We review the evidence in the light most favorable to the trial court's ruling and draw all reasonable inferences from the evidence to sustain the judgment. *See* ***Kutch v. Del Mar Coll.***, 831 S.W.2d 506, 512 (Tex. App.—Corpus Christi 1992, no writ).

The trial court does not abuse its discretion if it bases its decision on conflicting evidence and some evidence supports its decision. ***Unifund CCR Partners***, 299 S.W.3d at 97; *see also* *Nath*, 446 S.W.3d at 361 (an appellate court will not hold that a trial court abused its discretion in levying sanctions if some evidence supports its decision). The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion occurred. ***Skepnek v. Mynatt***, 8 S.W.3d 377, 380 (Tex. App.—El Paso 1999, pet. denied). A trial court, however, "abuses its discretion when its decision is contrary to the only permissible view of probative, properly-admitted evidence." ***Unifund CCR Partners***, 299 S.W.3d at 97.

In reviewing sanctions orders, the appellate courts are not bound by a trial court's findings of fact and conclusions of law; rather, appellate courts must independently review the entire record to determine whether the trial court abused its discretion. *See* ***Chrysler Corp. v. Blackmon***, 841 S.W.2d 844, 852 (Tex. 1992). Thus, the court of appeals must examine the entire record—not merely the trial court's findings of fact and conclusions of law—to determine whether the trial court's sanction was appropriate. ***Am. Flood Research, Inc. v. Jones***, 192 S.W.3d 581, 583–85 (Tex. 2006).

## Failure to Appear and Present Evidence

We first address Zand's argument that the evidence is legally insufficient because Dietrich did not argue the motion at the hearing. She contends that because Norsworthy

referenced and commented that the motion was her own, Dietrich failed to appear or present evidence in support of the motion.

The motion for sanctions identifies Dietrich as the movant. However, Norsworthy argued the motion at the hearing. When she made her announcement, Norsworthy stated the following:

> My name is Kelly Norsworthy. I don't represent any parties here today. I'm here on my own ancillary motion for sanctions against Ms. Zand for issuing and signing two subpoenas that were directed toward a client of mine in Montgomery County in an unrelated matter. But they were served upon me which is not allowed underneath the rules – excuse me – under the rules. So just to clarify Ms. Zand's statement, I'm not here representing Brittany Norwood, I'm here on my own.

Zand appears to argue that Norsworthy's statements that she did not represent Norwood meant that Norsworthy appeared pro se. However, Zand repeatedly represented to the trial court that Norsworthy represented Norwood in the Pratz divorce, thus, Norsworthy's statements appear to be an attempt to counter Zand's representations. Moreover, although Dietrich was the named movant, the record reflects that Norsworthy argued Dietrich's motion in the same way any attorney argues a motion for a client. The premise of the motion for sanctions was that Dietrich had no client in the Pratz divorce action, which made service of the subpoena on his office improper. Accordingly, we reject Zand's contention that Dietrich failed to appear and present evidence on the motion by virtue of Norsworthy's appearance at the hearing and argument of the motion for sanctions.

## Groundless

Zand further argues that the evidence is legally insufficient to support the trial court's finding that the subpoenas were groundless. "Groundless" means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. TEX. R. CIV. P. 13. Groundlessness turns on the legal merits of a claim. *Dike v. Peltier Chevrolet, Inc.,* 343 S.W.3d 179, 184 (Tex. App.—Texarkana 2011, no pet.). To determine if a claim is groundless, the trial court must objectively ask whether the party and counsel made a reasonable inquiry into the legal and factual basis of the claim at the time the document in question was filed. *See **Loeffler v. Lytle Indep. Sch. Dist.**,* 211 S.W.3d 331, 348 (Tex. App.—San Antonio 2006, pet. denied). We determine whether a reasonable inquiry has been made by looking at the facts available to the attorney and the circumstances that existed when the attorney signed and filed the document in question. *See **Robson v. Gilbreath***, 267 S.W.3d 401, 405 (Tex. App.—

Austin 2008, pet. denied); *Elkins v. Stotts–Brown*, 103 S.W.3d 664, 668 (Tex. App.—Dallas 2003, no pet.).

Zand contends that the subpoenas were not groundless because she was prohibited from contacting Norwood except through her attorney. As a result, she urges that service of the subpoenas on Dietrich and Norsworthy was proper. The Texas Disciplinary Rules of Professional Conduct prohibit a lawyer from communicating with another person if the lawyer knows the person has legal counsel in the matter. Tex. Disciplinary Rules Prof'l Conduct R. 4.02(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West 2019); *In re Users Sys. Servs., Inc.*, 22 S.W.3d 331, 334 (Tex. 1999). By the express language of the rule, it does not apply to situations in which the person is represented by an attorney in a *different* matter. The plain language of the rule prevents communication between an attorney and a represented person regarding the subject of that representation. Therefore, Zand was not prohibited from personally contacting Norwood regarding the Pratz divorce, a matter to which she was neither a party nor represented by counsel.

Rule 176.5 of the Texas Rules of Civil Procedure requires that a nonparty witness be personally served with a subpoena. TEX. R. CIV. P. 176.5(a). If the witness is a party and is represented by an attorney of record in that proceeding, the subpoena may be served on the witness's attorney of record. *Id.* By the Rule's express language, service upon Norwood's attorneys was only proper if she was a party to the proceeding. However, Norwood was not a party to the Pratz divorce.

Zand also argues that she did not have a service address for Norwood when she issued the October subpoena. She urges that, because she could not serve Norwood via substituted service, she had no viable option for securing Norwood's testimony other than service through Norwood's attorney. According to Zand, it was reasonable for her to believe that she needed to direct all communications through Norwood's attorney, Norwood's attorney would accept service, and Norwood's address would be disclosed if personal service was required. She further urges that Dietrich's office represented Norwood in the Pratz divorce. She asserts that the firm's billing statements referencing various communications "with client" support her claim. However, Zand ignores the fact that Norwood was never a party to the Pratz divorce case. She was never named in a pleading. Furthermore, when Zand completed the Descriptor Information Form to request Norwood's arrest, she crossed out the word "Respondent" and wrote in

8

"Witness." Dietrich's firm did represent Norwood, but not in the Pratz divorce. Zand was well aware of that fact. As a result, the trial court could reasonably conclude that the subpoenas issued to Norsworthy and Dietrich were groundless.

**Bad Faith and Harassment**

Zand also challenges the legal sufficiency of the evidence to support the trial court's finding that the October subpoena was issued in bad faith and the January subpoena was issued for the purpose of harassment.

A trial court is to presume that pleadings, motions, and other papers are filed in good faith. *Cypress Creek EMS v. Dolcefino*, 548 S.W.3d 673, 694 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). Bad faith is the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes; bad faith does not exist when a party merely exercises bad judgment or is negligent. *Thielemann v. Kethan*, 371 S.W.3d 286, 294 (Tex. App.–Houston [1st Dist.] 2012, pet. denied). A document is filed for the purpose of harassment if it is filed with the intent to annoy, alarm, and abuse another person. *See Thielemann*, 371 S.W.3d at 294. In deciding whether a party filed a document in bad faith or for the purpose of harassment, the trial court must measure the party's conduct and examine the facts available to the party at the time the relevant document was signed. *See Gomer v. Davis*, 419 S.W.3d 470, 481 (Tex. App.–Houston [1st Dist.] 2013, no pet.). Thus, the court must consider the acts or omissions of counsel, not merely the legal merit of a pleading or motion. *See id.* at 478-81; *see also Parker v. Walton*, 233 S.W.3d 535, 539 (Tex. App.–Houston [14th Dist.] 2007, no pet.).

Zand contends there is no evidence she issued the October subpoena in bad faith. She urges that the only evidence supporting the finding is "Norsworthy's *ipse dixit* belief that Zand issued the subpoena solely to get Norwood's address." Zand urges that Norsworthy's beliefs and opinions are legally insufficient and amount to mere speculation. She admits that she did not have an address for Norwood, which is why she attempted to serve Norwood through her attorney. However, she urges that this "amounts to poor judgment or a mistake of law" instead of bad faith.

But Zand's argument ignores the evidence admitted at the hearing. The evidence showed that Norsworthy immediately contacted Zand after receiving the October subpoena to inform her it was unauthorized. In response, Zand told Norsworthy that she would not have to appear if she would give Zand Norwood's address. When Norsworthy refused, Zand accused her of being

9

evasive and violating an unspecified section of the Texas Penal Code. Based on this evidence, the trial court could have reasonably found that Zand purposefully issued the October subpoena with an ulterior motive—obtaining a nonparty witness's address by pressuring her attorney in a different case—which amounts to bad faith. *See Am. Fisheries, Inc. v. Nat'l Honey, Inc.*, 585 S.W.3d 491, 506 (Tex. App.—Houston [1st Dist.] 2013, pet. denied).

Zand also argues that there is no evidence she issued the January subpoena for the purpose of harassment. She urges that the only evidence supporting the finding is "Norsworthy's claim that Zand had Norwood's correct address as early as January 22[nd]." Norsworthy stated:

> At least as of before January 22nd, 2020, which was nine days before today's trial date, Ms. Pratz and Ms. Zand were purportedly aware of an accurate address of Ms. Norwood that they provided in the descriptor information form; therefore, it would have been unnecessary for them to attempt to serve an invalid subpoena in our office.

Zand contends that there is no evidence that she had Norwood's address at the time the subpoena was issued on January 10 or that she intended to harass Dietrich.

However, Zand decided to issue a second subpoena to Norwood's attorneys after she was informed in October that service on a nonparty's attorney was improper. By this point, Zand was fully aware that service on Norwood's attorneys violated the Rules of Civil Procedure. Furthermore, Norwood's attorneys resisted service of the October subpoena, and Zand had no reason to believe they would accept the January subpoena. This evidence alone supports the trial court's finding that the January subpoena was issued for the purpose of harassment. *See Thielemann*, 371 S.W.3d at 294.

## Conclusion

Because the evidence was sufficient to support the trial court's findings that both subpoenas were groundless, the October subpoena was issued in bad faith, and the January subpoena was issued for the purpose of harassment, we overrule Zand's third issue.

### AMOUNT OF SANCTIONS

In her fourth issue, Zand contends Dietrich did not prove his entitlement to attorney's fees as a sanction. Specifically, she urges Dietrich could not recover attorney's fees on his own behalf and hearsay is the only evidence of attorney's fees. Dietrich urges that the award is not

actually attorney's fees; instead, he argues the attorney's fees are merely evidence to support an appropriate sanction. He further contends that the amount of such fees is supported by sufficient evidence.

Regarding available sanctions, Rule 13 incorporates Texas Rule of Civil Procedure 215, which lists permissible discovery sanctions. TEX. R. CIV. P. 13; *see **Bradt v. Sebek***, 14 S.W.3d 756, 762 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). That rule permits a party to recover reasonable expenses, including attorney's fees, caused by the sanctionable conduct. TEX. R. CIV. P. 215.2(b)(8).

Although the trial court has the discretion to impose a sanctions award, an appellate court must review the propriety of the award to ensure that there is a "direct relationship between the particular offensive conduct and the sanction imposed, and the sanction must not be excessive vis-à-vis that conduct." *See **CHRISTUS Health Gulf Coast v. Carswell***, 505 S.W.3d 528, 540 (Tex. 2016); *see also **Low v. Henry***, 221 S.W.3d 609, 614 (Tex. 2007); ***TransAmerican Nat. Gas Corp. v. Powell***, 811 S.W.2d 913, 916 (Tex. 1991). In order to satisfy the first part of this test, the sanction must be directed against the abuse and toward remedying the prejudice caused to the innocent party; in particular, the court must attempt to determine who was responsible for the sanctionable conduct—either the party or the attorney, or both—and only visit an appropriate sanction upon the responsible person. ***Powell***, 811 S.W.2d at 917; *see also **Am. Flood Research, Inc.***, 192 S.W.3d at 583. To satisfy the second part of the test, the court should ensure that the punishment "fits the crime," and that the sanction is "no more severe than necessary to satisfy its legitimate purposes[.]" ***Werley v. Cannon***, 344 S.W.3d 527, 532 (Tex. App.—El Paso 2011, no pet.); *see also **Powell***, 811 S.W.2d at 917.

Zand urges throughout her appeal that the sanctions awarded are fee-shifting attorney's fees. However, the trial court expressly stated that it was not awarding attorney's fees as sanctions in response to Zand's objection to the order: "The Court awarded sanctions. The Court did not mention anything about attorney's fees." In addition, Norworthy argued to the trial court that she was not seeking attorney's fees as a sanction. Instead, she urged that the amount of fees incurred were an appropriate basis for sanctions:

> Judge, I can clarify that. Your Honor, we're asking for sanctions and sanction[s] in a Rule 13 case has to be connected to the behavior that is sanctionable. They can't be excessive sanctions, they need to be related back. I think the amount of attorney's fees that have been expended in this case,

11

> are a true and accurate reflection of what would be an appropriate remedy for sanctions in this matter.
>
> . . .
>
> And, your Honor, again, I'm not attempting to prove attorney's fees. I'm attempting to show what would be an appropriate sanction.

Therefore, it appears that while the amount of attorney's fees incurred was influential in determining the sanctions award, the award is not true fee-shifting. Rule 13 authorizes the imposition of the sanctions listed in Rule 215.2(b). TEX. R. CIV. P. 13. The only monetary sanctions allowed by Rule 215.2(b) are for the opposing party's expenses, attorney's fees, and taxable court costs. TEX. R. CIV. P. 215.2(b). For the sanctions award to be authorized in this case, it must be based on attorney's fees. *See State Office of Risk Mgmt. v. Foutz,* 279 S.W.3d 826, 830-31 (Tex. App.—Eastland 2009, no pet.). Therefore, we review the evidence to determine if it is sufficient to support the $4,800 attorney's fees award.

In Texas, an attorney acting pro se cannot recover attorney's fees because those fees are not "incurred." *See Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 299-300 (Tex. 2011). Thus, Zand argues that Dietrich is barred from recovering attorney's fees. Dietrich urges that Norsworthy prosecuted the motion for sanctions on his behalf. Therefore, he contends he was not acting pro se and is not barred from recovering attorney's fees.

Before a court may exercise its discretion to shift attorney's fees as a sanction, there must be some evidence of reasonableness because without such proof a trial court cannot determine that the sanction is "no more severe than necessary" to fairly compensate the prevailing party. *PR Invs. & Specialty Retailers, Inc. v. State*, 251 S.W.3d 472, 480 (Tex. 2008); *see also Low*, 221 S.W.3d at 620 ("[A] sanction cannot be excessive nor should it be assessed without appropriate guidelines."). "Consequently, when a party seeks attorney's fees as sanctions, the burden is on that party to put forth some affirmative evidence of attorney's fees incurred and how those fees resulted from or were caused by the sanctionable conduct." *Carswell*, 505 S.W.3d at 540. Because all fee-shifting situations require reasonableness, the attorney's fees sanctions award must be supported by sufficient evidence. *Nath v. Tex. Children's Hosp.*, 576 S.W.3d 707, 709–10 (Tex. 2019).

The evidence at the hearing included a billing invoice from Dietrich's firm regarding "Norwood, Brittany – Subpoena." The invoice totaled $4,991.25 in fees incurred as a result of

the January subpoena. However, the invoice appears to be directed toward Norwood, not Dietrich. Norsworthy represented to the trial court that her firm had not charged Norwood for those fees. In addition, it includes entries for "telephone conference with client" as well as entries for "office conference with Attorney Adam W. Dietrich" and "office conference with Attorney Kelly Norsworthy." The delineation between "client," "Attorney Adam W. Dietrich," and "Attorney Kelly Norsworthy" shows that Dietrich was not actually the client who incurred the fees at issue. Therefore, it does not appear as if Dietrich was represented by counsel or incurred fees as a result of any such representation. Furthermore, it was repeatedly stressed that none of the fees were incurred by Norwood and that the motion was not brought on her behalf. As a result, the evidence is insufficient to support the $4,800 attorney's fees in sanctions awarded to Dietrich. Thus, we vacate the attorney's fees award and remand the case for a redetermination of attorney's fees. *See **Rohrmoos Venture v. UTSW DVA Healthcare, LLP***, 578 S.W.3d 469, 506 (Tex. 2019). We sustain Zand's fourth issue.

## DISPOSITION

Having overruled Zand's first, second, and third issues and sustained Zand's fourth issue, we *vacate* the portion of the judgment granting $4,800 in sanctions and *remand* the case to the trial court for a redetermination of the sanctions award consistent with this opinion. In all other respects, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered December 21, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

13



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 21, 2021**

**NO. 12-20-00187-CV**

### IN THE MATTER OF THE MARRIAGE OF
### BLAKE ANDREW PRATZ AND JULIE PRATZ

Appeal from the 309th District Court
of Harris County, Texas (Tr.Ct.No. 2018-76641)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below granting $4,800 in sanctions be **vacated** and the case be **remanded** to the trial court for a redetermination of the sanctions award consistent with this opinion. In all other respects, we **affirm** the trial court's judgment; all costs of court are hereby assessed against the party incurring the same, for all of which execution may issue; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*