

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

ELMER F. KEIPP, )
)
Appellant, )
)
v. ) WD84756
)
RHONDA I. KEIPP (N.K.A. ) Opinion filed: May 24, 2022
RHONDA GRUER), )
)
Respondent. )

**APPEAL FROM THE CIRCUIT COURT OF BOONE COUNTY, MISSOURI**
**THE HONORABLE LESLIE M. SCHNEIDER, JUDGE**

Division Three: Gary D. Witt, Presiding Judge,
Anthony Rex Gabbert, Judge and W. Douglas Thomson, Judge

Elmer F. Keipp ("Former Husband") appeals from the Circuit Court of Boone County's judgment finding him in contempt of court. In his sole point on appeal, Former Husband argues the trial court erred "in issuing an order of contempt against [him], because it lacked jurisdiction to do so, as the underlying judgment for payment of a money debt had passed the statute of limitations . . . ." Because the contempt order against Former Husband has not been enforced it is not a final, appealable judgment. As a result, we lack jurisdiction and the appeal must be dismissed.

## Factual and Procedural History

On February 19, 2009, the marriage of Former Husband and Rhonda Gruer ("Former Wife") was dissolved by amended judgment of dissolution in the Circuit Court of Boone County.[1] The judgment ordered Former Husband to pay Former Wife the sum of $20,000.00 over a period of not more than ten years ("Judgment Debt"). Former Husband concedes that no payments have been made on the Judgment Debt.

On February 19, 2019, Former Wife filed a motion to revive the amended judgment of dissolution. Following arguments heard on April 26, 2019, the trial court sustained Former Wife's motion and entered an order reviving the amended judgment. Former Husband did not appeal the revival.

On May 4, 2020, Former Wife filed a motion for contempt requesting Former Husband be ordered to show cause why he should not be held in contempt for his failure to comply with the amended judgment of dissolution by failing to pay the Judgment Debt. Former Husband filed a motion to dismiss Former Wife's motion for contempt on October 4, 2020, arguing that the court "is without jurisdiction in this matter and should set aside the Revival of the Judgment that gives rise to the current motion due to the statute of limitations," arguing the motion for revival had been filed more than ten years after the *original* judgment. The trial court denied Former Husband's motion to dismiss. Former Husband renewed his objection to same during the contempt hearing and same was denied.

---

[1] On January 26, 2009, the trial court entered its original judgment of dissolution. The trial court amended its judgment to "show that [Former Wife]'s maiden name of Gruer, is restored," as was requested by joint motion of the parties.

Former Wife's motion for contempt came before the trial court on October 15, 2020. On October 26, 2020, the trial court entered a judgment of contempt against Former Husband. In it, the court found that Former Husband "ha[d] the ability to pay said judgment but has willfully and contumaciously failed and refused to pay the same." The judgment further stated Former Husband "is allowed to purge himself of contempt of court by paying said judgment and accrued interest to date of payment at the rate of 9% . . . , along with [Former Wife]'s reasonable attorney's fees of $5,000." Former Husband was "given 30 days to pay the purge judgment."

Former Husband appeals.

## Analysis

In his sole point on appeal, Former Husband argues the trial court erred "in issuing an order of contempt against [him], because it lacked jurisdiction to do so, as the underlying judgment for payment of a money debt had passed the statute of limitations and the court's revival of said judgment was against Missouri law and could not therefore support an action or judgment for contempt." Essentially, Former Husband contends that the trial court erred in finding him in contempt because it erred *earlier* in reviving the amended judgment of dissolution, a decision he did not appeal. Therefore, he contends the trial court was without jurisdiction to subsequently issue an order of contempt against him.

Before we reach the merits of Former Husband's claim, however, we have a duty to determine whether we have jurisdiction to address this appeal. *Martin v. Martin*, 504 S.W.3d 130, 134 (Mo. App. W.D. 2016) (citing *Long v. Long*, 469 S.W.3d

3

10, 13 (Mo. App. W.D. 2015)). "We have jurisdiction to review a contempt order only if it is final and appealable." *Id.* (citing *Davis v. Davis*, 475 S.W.3d 177, 181 (Mo. App. W.D. 2015)). "A civil contempt order or judgment is interlocutory when it is entered," and it does not become final and appealable until it is enforced. *Long v. Long*, 469 S.W.3d at 15 (citing *In re Marriage of Crow and Gilmore*, 103 S.W.3d 778, 781 (Mo. banc 2003)). "A contempt order is enforced through imprisonment or the imposition of a fine." *Martin v. Martin*, 504 S.W.3d at 134 (citing *Emmons v. Emmons*, 310 S.W.3d 718, 722 (Mo. App. W.D. 2010)). "If the enforcement remedy is imprisonment, the contempt order is not enforced until the issuance of a warrant of commitment or actual incarceration." *Id.* "If the enforcement remedy is a fine, the contempt order is not enforced until the moving party executes on the fine." *Id.* "[A] mere threat of enforcement is not sufficient to render a contempt judgment final for purposes of appeal." *Metheney v. Metheney*, 589 S.W.3d 725, 728 (Mo. App. E.D. 2019) (internal quotation marks omitted).

In this case, there is nothing in the record indicating that the contempt order has ever been enforced. No warrant of commitment has been issued, no actual incarceration has occurred, and no fine has been imposed. Neither has Former Husband provided us with any indication that the contempt order has been enforced or argument as to why we have jurisdiction over this contempt judgment.

At best, the judgment of contempt delays a determination of the means of enforcement for 30 days to determine if Former Husband has purged himself of the contempt. Accordingly, it is merely a threat of enforcement in the future. Without

4

having been enforced the contempt order remains interlocutory and unappealable. *See In re Marriage of Crow and Gilmore*, 103 S.W.3d at 782. As a result, Former Husband's appeal of the contempt judgment must be dismissed.

## Conclusion

The appeal is dismissed.[2]

_____
W. DOUGLAS THOMSON, JUDGE

All concur.

---

[2] On February 8, 2022, Former Wife filed a motion to dismiss this appeal arguing that because Former Husband failed to timely file his notice of appeal as to the trial court's order reviving the amended judgment of dissolution, upon which this appeal is premised, we lack jurisdiction. Former Wife's motion was taken with the case. Because of our ruling, Former Wife's motion is rendered moot.